IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WINNEMUCCA INDIAN COLONY, THOMAS R. WASSON, CHAIRMAN,<br><br>               Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA ex rel. THE DEPARTMENT OF THE INTERIOR, BUREAU OF INDIAN AFFAIRS, WESTERN NEVADA AGENCY, SUPERINTENDENT, and, THE EMPLOYEES, CONTRACTOR AND AGENTS OF THE WESTERN NEVADA AGENCY OF THE BUREAU OF INDIAN AFFAIRS,<br><br>               Defendants. | Case No.: 3:11-cv-00622-RCJ-VPC<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

This matter came before the Court on September 12, 2011 and December 13, 2011, on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and Mandatory Injunction (Doc. 8).   Plaintiffs were represented by and through their Attorney, Treva J. Hearne, Esq.; Defendants by and through the United States Attorney, Daniel G. Bogden, and Holly A. Vance, Assistant United States Attorney; and, the Interveners were represented by Wes Williams.  Thomas R. Wasson was present, however William Bills was not.

WHEREAS Plaintiffs filed a complaint seeking injunctive and declaratory relief in this matter, and applied for a temporary restraining order and order to show cause why a preliminary injunction should not issue ("TRO");

1

WHEREAS, this Court granted a TRO[1] on August 31, 2011 which ordered that the BIA grant "interim recognition to some person or body of persons as the legitimate representative(s) of the Colony."

WHEREAS, the Bureau of Indian Affairs ("BIA") submitted a one-page letter signed by Bryan Bowker, Regional Director of the Western Nevada Agency of the BIA ("WNA"), designating Thomas R. Wasson and William Bills as the interim representatives of the Winnemucca Indian Colony of Nevada, but attempted to limit their authority "solely for the limited purpose of carrying out government-to-government relations, including the preparation of a voting roll, establishment of an election board, and conducting a tribal election to establish a tribal council under the Constitution and Bylaws of the Winnemucca Indian Colony Nevada (1971)."

NOW, THEREFORE, the Court makes the following findings of fact and order:

FINDINGS

1. This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 706(2)(A) to find that the BIA could abuse its discretion under the Administrative Procedures Act ("APA") by failing to take sides and give interim recognition to some purported trial leadership when the leadership was in dispute between two or more factions. *Goodface v. Grassrope*, 708 F.2d 335, 337–38 (8th Cir. 1983). *Wheeler v. BIA,* 811 F.2d 549, 553

---

[1] A history of this case is provided in the TRO, but more fully recounted in an earlier decision by Judge Sandoval. (*See* Sandoval Summ. J. Order 2–3). Bills first filed for emergency injunctive relief in the Winnemucca Tribal Court, and that court granted him relief, declaring him to be the Acting Chairman. The Inter-Tribal Court of Appeals of Nevada ordered a trial on the matter, and the pro tem judge appointed to try the case ruled that there was no legitimately formed colonial government and that an election must be held. The parties agreed instead to submit their cross-appeals to a special panel of judges from the Sioux Nation (the Minnesota Panel) for a binding, non-appealable decision. The Minnesota Panel ruled in favor of Wasson, and this appears to be the August 16, 2002 decision to which Plaintiffs refer. The May 17, 2007 decision by the Inter-Tribal Court of Appeals of Nevada finally ruled that it had no jurisdiction to consider any appeal from the Minnesota Panel's ruling.

(10th Cir. 1987)  Also see, *Hein v. Capitan Grande Band of Diegueno Mission Indians,* 201 F.3d 1256 (9th Cir. 2000).

    2.   Plaintiffs have met the standards for a preliminary injunction set forth in *Winter v. NRDC*, 129 S. Ct. 365, 374–76 (2008) as follows: (1) They are likely to succeed on the merits because functional tribal courts have previously litigated the matter of tribal authority to final adjudication by the Minnesota Panel; (2) They are likely to suffer irreparable harm in the absence of preliminary relief due to the lack of social services and inability to engage in self-sustaining economic activity on colonial land; (3) The balance of equities tips in Plaintiffs' favor due in large part to the BIA's continued refusal, despite explicit language in the TRO, to grant the Colony adequate interim recognition without restrictions, which amounts to a *de facto* termination of the sovereign recognition granted by Congress, which is likely to lead to the irreparable political dissolution of the Colony's sovereign existence; and (4) An injunction is in the public interest because the enforcement of tribal authority which has been finally adjudicated is an important right which must be enforced for purposes of finality.

    3.   The 2002 ruling of the "Minnesota Panel" that the colonial Council consisted of Thomas Wasson, William Bills, Sharon Wasson, Elverine Castro, and Thomas Magiera (until his death), and that the Council appoint a fifth member within thirty days and hold new elections within six months of October 2002 was this case was an appropriate, final adjudication by functional tribal courts which the federal courts have appropriately honored.  *See Wasson v. Bills* at 19, ECF No. 7-2.

    4.  Thomas R. Wasson, having been named by the BIA as  a "legitimate representative(s) of the Winnemucca Indian Colony of Nevada" in the letter attached to

the September 7, 2011 "Notice of Compliance" is a proper party to litigate the preliminary injunction motion in the absence of William Bills.

     IT IS HEREBY ORDERED that the Motion for Preliminary Injunction (ECF Doc. No. 7) is GRANTED as follows:

1. The BIA has given interim recognition to Thomas Wasson and William Bills as the legitimate representative(s) of the Winnemucca Indian Colony of Nevada, until a final adjudication on the merits of Plaintiffs' complaint is made;

2. "The BIA and their agents, employees, and contractors are hereby enjoined from interfering with the peaceful enjoyment and possession by the Plaintiffs on the lands consisting of 320 acres located at 1985 Hanson St. and 20 acres located at 322 South St., Winnemucca, Humboldt County, Nevada and specifically from ejecting contractors from the **Hanson Street Smoke Shop who are performing work at the instruction of Wasson. The Plaintiffs, however, may not at this time attempt to eject other parties from the South Street Smoke Shop;**"

3. This preliminary injunction is binding on all parties to the action, their officers, agents, servants, employees, and attorneys, and on those persons in active concert or participation with them who receive actual notice of this order. Fed. R. Civ. P. 65(d);

4. The preliminary injunction shall remain in effect until a decision on the merits of plaintiffs' complaint has been reached;

5. This Court shall retain jurisdiction of this matter for all purposes;

6. Plaintiffs will not be required to post a bond;

7. Defendants request for a stay pending appeal is denied.

IT IS SO ORDERED.

DATED this 31st day of January, 2012.

_____
ROBERT C. JONES
United States District Judge