FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG - 9 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WINNEMUCCA INDIAN COLONY, THOMAS R. WASSON<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | 3:11-cv-00622-RCJ-VPC<br><br>**ORDER**<br><br>August 9, 2012 |

Plaintiffs, the Winnemucca Indian Colony and Thomas Wasson, filed an emergency motion to compel the depositions of a spokesperson for the Bureau of Indian Affairs ("BIA") and intervenor, William Bills (#124).[1] Plaintiffs seek these depositions on shortened time because a hearing is set before the District Court on September 4, 2012, on plaintiffs' motions for a temporary restraining order and preliminary injunction (#119). Mr. Bills and the United States and BIA opposed (#s 133 & 135).

On July 9, 2012, this District Court ordered the BIA to recognize one or more tribal leaders until tribal elections are held (#105), and on July 16, 2012, the BIA issued a letter and recognized Mr. Bills as the tribe's interim representative (#110). Plaintiffs seek to enjoin recognition of Mr. Bills as the tribal leader (#s 114 & 115). Plaintiffs contend that prior to the September hearing, they need to depose a BIA representative to inquire about "the reasons for the decisions made by BIA regarding the Winnemucca Indian Colony," and they would like to depose Mr. Bills to ask about "his criminal history and his heritage" (#124). As a preliminary matter, the court notes that plaintiffs fail to cite any authority in support of their request for these expedited depositions, nor do they adequately explain how this deposition discovery relates to the upcoming hearing. In addition, the

---

[1]   Refers to the court's docket number.

deposition notices are inconsistent as to the dates set for the depositions, and the deposition topics are vague and unclear.

The BIA contends that it has already explained in writing the basis for its decision to "recognize" Mr. Bills as interim tribal representative until elections are held (#11). The BIA's decision to recognize Mr. Bills on an interim basis is derived from an administrative appeal, and discovery is not permitted on APA claims. *Nat'l Law Ctr. on Homelessness & Poverty v. Dep't. of Veteran's Affairs*, 736 F.Supp. 1148, 1152 (D.D.C. 1990). Plaintiffs fail to explain how the deposition topics are relevant to the motions before the court; moreover, the BIA contends that elections are imminent and will render the requested discovery and plaintiffs' motions moot. The court denies plaintiffs' motion for the expedited deposition of a BIA representative.

Plaintiffs' interest in deposing Mr. Bills about his criminal history and heritage is also without merit. Mr. Bills's heritage has already been the subject of extensive briefing (#s 69, 79 & 99), and plaintiffs do not explain why Mr. Bills's alleged criminal history has anything to do with the upcoming hearing. The court also denies plaintiffs' motion for the expedited deposition of Mr. Bills.

Based upon the foregoing, and for good cause appearing,

**IT IS ORDERED** that plaintiffs' emergency motion to compel depositions of spokesperson for BIA and William Bills (#124) is **DENIED**.

August 9, 2012 —

UNITED STATES MAGISTRATE JUDGE