**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WINNEMUCCA INDIAN COLONY et al., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA ex rel. DEPARTMENT OF THE INTERIOR et al., <br><br> Defendants. | 3:11-cv-00622-RCJ-VPC <br><br> **ORDER** |

This case arises out of the refusal of the Bureau of Indian Affairs ("BIA") to recognize a tribal government of the Winnemucca Indian Colony, an Indian sovereign recognized by Congress. The proceedings have been acrimonious. In summary, the Court has ordered the BIA to recognize Thomas Wasson as the interim Chairman pending finalization of tribal enrollment and elections and any appeals thereof to the Indian courts.

Plaintiffs have now moved for summary judgment based upon the purported enrollment and election results, but Intervenor Defendants challenge the results and oppose summary judgment. Intervenor Defendants asked the Court to hold a status conference and to give them time thereafter to oppose the pending motion for summary judgment. The Court granted the motion and noted that the pending motion for summary judgment had little chance of success, as this Court's role vis-a-vis the tribal enrollment and election issues is only to recognize and give effect to authoritative Indian court rulings pertaining thereto. The merits of enrollment and election issues must be litigated in the tribal courts.

1    At the February 10, 2014 status conference, the parties indicated that they had not yet
2 agreed upon a tribal judge to adjudicate enrollment and election issues as the Court had
3 demanded at the May 29, 2013 hearing, (*see* Hr's Tr. 29:10–12, May. 29, 2013, ECF No. 183 ("I
4 want a tribal judge, associate judge, that both sides agree on, and I want that accomplished this
5 week.")), but only that a CFR court instituted by the BIA was currently adjudicating several
6 unclear issues, many of which may have nothing to do with the present dispute.  The BIA has not
7 been able to adjudicate these issues in the decade plus they have been before it.  That is why this
8 Court accepted jurisdiction under the futility provision of the APA.  In any case, it is a tribal
9 court, not this Court or a CFR court, that must adjudicate the present conflict of tribal
10 governance, and this Court simply has jurisdiction under the APA to enforce such rulings.  The
11 parties have simply been unable to agree upon a neutral tribal judge.  The election of a tribal
12 judge to settle the present enrollment and election disputes is impossible given the nature of the
13 present disputes.  Not only would that elected judge have to adjudicate the tribal membership of
14 those eligible to vote for the members of the Tribal Council and election issues generally, he
15 would also have to adjudicate the validity of his own election.  As noted at the hearing, therefore,
16 this Court has no choice but to select a neutral tribal judge for the purposes of the present
17 enrollment and election disputes and will do so if the parties cannot quickly agree upon a neutral
18 tribal judge.  After the parties agree upon a neutral judge or the Court selects one, that judge shall
19 hear the tribal enrollment and election disputes, with recourse to the Inter-tribal Court of Appeals
20 of Nevada.  Once the disputes are final in the Indian courts, this Court will acknowledge the
21 authoritative rulings for the purposes of the present action.
22 ///
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 190) is DENIED.

IT IS FURTHER ORDERED that the parties shall SUBMIT their lists of names for a tribal judge within fourteen (14) days of the entry of this Order into the electronic docket. Cross-objections shall be due seven (7) days thereafter. In the alternative, the parties MAY SUBMIT a stipulated name within fourteen (14) days of the entry of this Order into the electronic docket.

IT IS SO ORDERED.

Dated this 10th day of February, 2014.

_____
ROBERT C. JONES
United States District Judge