**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WINNEMUCCA INDIAN COLONY et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA ex rel. ) <br> DEPARTMENT OF THE INTERIOR et al., ) <br> ) <br> Defendants. ) <br> ) | 3:11-cv-00622-RCJ-VPC <br><br> **ORDER** |

At a February 10, 2014 status conference, the parties indicated that they had not yet agreed upon a tribal judge to adjudicate enrollment and election issues as the Court had demanded at a May 29, 2013 hearing. (*See* Hr'g Tr. 29:10–12, May 29, 2013, ECF No. 183 ("I want a tribal judge, associate judge, that both sides agree on, and I want that accomplished this week.")). The Court therefore warned the parties that it would select a judge itself if the parties could not quickly agree upon a neutral tribal judge. The Court gave the parties fourteen days to agree upon a judge or propose judges, with seven days thereafter to cross-object. The United States, Wasson, and Ayer have each timely proposed one or more judges. Wasson and Ayer have timely filed objections.

The United States has proposed Judge Timothy Shane Darrington of the Shoshone Paiute Tribe on the Duck Valley Indian Reservation in Weiser, Idaho. Ayer does not object to Judge Darrington, noting that he is a licensed attorney and the Chief Judge for the Duck Valley Tribal Court. Ayer also notes that the clerk of that court has confirmed that Judge Darrington would be

1  willing to serve.  Wasson does not object to Judge Darrington but asks for more time to research
2  his background for potential bias.  The Court denies that request.

3        Wasson has proposed John White, a civil rights attorney in Reno, Nevada.  Wasson's
4  counsel reports that Wasson has also directed her to propose Mark Mausert, who Wasson alleges
5  is the present serving tribal judge.  However, Mausert's own election is almost certainly disputed,
6  and counsel indicates that she would have to withdraw due to a conflict of interests if Mausert
7  were selected.  Ayer objects to Mr. White because he has no experience in federal Indian law or
8  tribal law and has no experience as a judge.  Ayer notes that this Court has already indicated Mr.
9  White would be unacceptable for those reasons.  The Court sustains the objection to Mr. White.
10 Ayer also objects to Mr. Mausert because of his professional association with Wasson's counsel.
11 The Court sustains the objection to Mr. Mausert, as well.

12       Ayer has proposed several judges.  Judge William Kockenmeister is a judge for "most of
13 the Tribes in Nevada."  However, Wasson's counsel has previously sued him in a related dispute,
14 so she would likely have to withdraw if he were selected.  The same is true of Mitchell Wright, a
15 tribal judge based in Ely.  An unidentified judge for the Reno–Sparks Indian Colony ("RSIC")
16 cannot serve due to his contract.  Ayer has inquired of both the RSIC pro tem judge and the
17 Pyramid Lake [Paiute] judge, former Reno Municipal Court Judge James Van Winkle, but Ayer
18 has yet received no response from either of them.  Ayer also suggests the "CFR Court," i.e., the
19 Winnemucca Court of Indian Offenses ("WCIO") established on the Colony by the BIA pursuant
20 to 25 C.F.R. § 11.100(a)(7).  That court would presumably have no original jurisdiction over the
21 present dispute as filed, because the Defendants are federal entities, not Indians, and the claim
22 against the federal entities by Wasson was not supplemental to some other claim by or against an
23 Indian. *See id.* § 11.116(a)(1)–(2).  The Indian Defendants in this case only became so by
24 intervention.  But the magistrate of the WCIO, Lisa B. Otipoby-Herbert, may still be a viable
25 neutral arbiter.  In addition to serving as the WCIO magistrate, she serves as a tribal judge for

several tribes in Nevada, Oklahoma, and elsewhere throughout the Great Plains.  She is a member of the Comanche Nation who received her J.D. from the University of Kansas and obtained further education in tribal judicial systems at the National Judicial College in Reno, Nevada.  Finally, Ayer suggests Steven Haberfeld, a previous pro tem judge for the Colony from 2001–2002.  He conducted the "original" hearings on enrollment pursuant to a stipulation between the Wasson and Ayer factions.  He is the judge who entered the order that was appealed to the Minnesota Panel.  The Wasson faction later objected to his continued service upon remand from the Minnesota Panel, because, according to the Ayer faction, the Minnesota Panel's ruling was adverse to the Wasson faction.  Haberfeld is willing to serve.  Haberfeld is not a lawyer, but he has a Ph.D. in Public Law and Government from Colombia University, and he has worked with various tribes in an alternative dispute resolution capacity since 1976.

Wasson does not object to Judge Van Winkle but notes that many or all of the attorneys in the case may have appeared before him in the past.  Wasson objects to Judge Otipoby-Herbert because she was appointed by the BIA and has the Ayer faction's related filings before her.  Therefore, although Judge Otipoby-Herbert appears to be well qualified and has the added advantage of being a Comanche (neither a Shoshone or Paiute), the Court has no choice but to sustain the objection against her service.  Wasson objects to Mr. Haberfeld because he is not an attorney and because of his previous involvement in the matter.  The Court sustains that objection.

The Court selects Chief Judge Timothy Shane Darrington of the Duck Valley Tribal Court.  He appears to be the only proposed judge to which all parties can agree, with Wasson's limited reservation of desiring more time to research his background.  He is also a serving tribal judge in another tribe.

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Chief Judge Timothy Shane Darrington of the Duck Valley Tribal Court shall, upon his acquiescence and at times and places acceptable to him, serve as the tribal judge for the adjudication of any enrollment and election disputes arising out of the enrollment and elections carried out pursuant to this Court's previous orders. Judge Darrington's jurisdiction shall not extend to any other matters. Any appeals may be taken to the Inter Tribal Court of Appeals of Nevada to the extent that tribunal will accept jurisdiction. Once the rulings are final, the parties may ask this Court to recognize any such rulings and enter judgment, accordingly.

IT IS SO ORDERED.

Dated this 4th day of March, 2014.

_____
ROBERT C. JONES
United States District Judge