# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| WINNEMUCCA INDIAN COLONY et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA ex rel. ) <br> DEPARTMENT OF THE INTERIOR et al., ) <br> ) <br> Defendants. ) <br> ) | 3:11-cv-00622-RCJ-VPC <br><br> **ORDER** |

The Court recently entered an Order (ECF Nos. 231, 242) identifying the newly elected members of the Winnemucca Indian Colony Council to be recognized by the Bureau of Indian Affairs, pending any appeals to Tribal Judge Timothy Shane Darrington and then to the Inter-Tribal Court of Appeals of Nevada. Three motions are pending before the Court.

First, Judy Rojo has asked the Court to substitute her in place of Thomas R. Wasson under Rule 25(d), as she is the current Chairman of the Colony, the recently elected chairman Willis Evans having since died.[1] William Bills, appearing *pro se*, has objected, arguing that substitution is premature because the election results are not yet final, as all appeals have not been exhausted. The United States has responded simply to note that it still disagrees the Court has jurisdiction over the case. The Court grants the motion. The Court will recognize the new

---

[1] This is inconsistent with the previous status reports filed on behalf of the Colony, which do not indicate anyone named Evans having been elected, although they do indicate Rojo was elected.

Council in the interim, pending appeals in the Indian courts.

Second, Rojo has asked the Court to enjoin Bills from representing himself as the Chairman of the Colony and also to enjoin him from entering the Colony. The Court denies the motion. The Court has jurisdiction only over the issue of the United States' recognition of colonial leadership under the Administrative Procedures Act. *See Goodface v. Grassrope*, 708 F.2d 335, 337–38 & n.4 (8th Cir. 1983). It has no jurisdiction to order any person not to represent himself as a official of the Colony to third persons. Nor does the Court have jurisdiction to banish any person from Colony land.

Third, Rojo has asked the Court to strike Bills's response to Rojo's Notice of Entry of Order of the Tribal Court. The Court will not strike Bills's briefing. The Order attached to the Notice is the first page of an "Order of Dismissal," but the full order is not produced, and the Court cannot tell what judge, if any, signed it. It is simply impossible to say, therefore, whether the response filed by Bills is immaterial or impertinent.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Substitute Party (ECF No. 245) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Preliminary and Permanent Injunction (ECF No. 246) and the Motion to Strike (ECF No. 248) are DENIED.

IT IS SO ORDERED.

Dated this 11th day of May, 2015.

_____
ROBERT C. JONES
United States District Judge